Curia, per

Earle, J.
Without the p'o'wer 'of "granting new1 trials, which is conceded to this court, the trial by jury would be hardly entitled to the encomiums which we so often hear bestowed upon it. If every verdict were final and conclusive, even without error in matter of law, on the part of the judge, injustice would so frequently result from causes inseparable from the nature and form of the tribunal itself, that many suitors would be deterred from submitting their complaints to it for adjudication ; and would prefer to bear their wrongs in silence, rather than encounter the expense and trouble of a doubtful issue. In the early history of the law, this evil was felt to a greater extent than now, in consequence of the greater strictness of the courts in granting new trials; and the remedy by writ of attaint, to reverse any unjust or improper verdict, was found to be attended with such hardship and difficulty to suitors who were Aggrieved, that the courts were compelled to adopt other modes and grounds of relief. In process of time, a much more liberal spirit pi evaded, and a more liberal practice was adopted, which, without depriving the jury of their acknowledged right to determine questions of fact, enabled the courts so far to superintend and control the exercise of it, as to prevent passion, prejudice, caprice, or ignorance, from being substituted in place of sound judgment and legal discretion. And although I should hesitate to agree with Justice Blackstone, 3 Com. 388, that the maxim now adopted, is that “in all cases of moment where justice is not done upon one trial1, the injured party is entitled lo another” — yet I assent fully to the conclusion he arrives at, that granting a new trial, under proper regulations, cures all the inconveniencies of that excellent method of decision, at the same time that it is preserved entire. Ib. 391.
The general principles upon which new trials are granted, are no where so well summed up and stated, as by that writer, And in the application of the^e principles to particular cases, there-is room for an infinite diveisity of practice : and after a careful examination of a long series of cases in *281 the English reports, and our own, I should deem it unsafe to say there is any one uniform rule on the subject. This is well expressed by Denison, J., in Bright vs. Eynon, 1 Bur. 390, 397 : “It would be difficult, perhaps, to fix any absolutely general rule about granting new trials, without fnaking so many exceptions to it, as might rather tend to' darken than explain it. But' the granting of a new trial must depend upon the legal' discretion of the court, guided by the nature and circumstances of the particular case,'and directed with a view to the attainment of justice.” Mr. Justice Foster, in the same case, agreeing to this, and limiting this discretion to cases where the evidence was wholly against the verdict, or greatly preponderates, added, “In all cases where the evidence is nearly in equilibrio, he should always think himself bound to have regard to the finding of the jury ; for ad qucestionem, facti respondent yuralores. In such a ease it is not the province of the judge to determine; it ought to be left to the jury.”
These positions contain the basis of all the English and American cases on the subject; varied and modified according to peculiar circumstances. The jury is empannelled and sworn to render a verdict according to the law and the evidence. And in the investigation of the facts, in weighing testimony, and selecting truth from a mass of confused or contradictory evidence, there is occasion for much sound judgment and enlightened discretion. The verdict of the jury depends upon the issue: in criminal matters it is simply guilty or not guilty.' In civil suits it is necessarily something more. The plaintiff always seeks not only to establish some right, but tp obtain adequate compensation for some injury. It is true, if he fails in' his proof altogether, a general verdict for the defendant is the result. But if he establishes his right, and the violation' of it, the duty of the jury is not satisfied by a verdict merely for the plaintiff, for they are bound to render adequate damages by way of compensation. And in assessing those damages, they are not at liberty to exercise an arbitrary discretion, nor to exhibit a wild caprice. They are as much bound by the evidence in that respect, as in relation to the plaintiff’s right to recover; having regard, of course, to the subject matter.
In the case under consideration, the plaintiff complained of an injury to property. The question of damages, therefore, did not depend on mere sentiment and opinion', as in case for words, or Mal. Pros. The property itself was susceptible of valuation ; the extent of the injury was ascertained ; and both furnished a standard for assessing damages, which the jury were not at liberty to disregard. The verdict for the plaintiff is conclusive of his right to recover damages, in the opinion of the jury. *282 But he was entitled to such damages as would compensate him for the ifr* jury; op this head he furnished evidence which was not rebutted, that he sustained serious injury, the actual extent of which was ascertained by the opinion of witnesses; and the jury have found nominal damages. On principle, this cannot be permitted; and our own reports furnish abundant precedents. Wallis vs. Frazier, 2 N. & M’C., 516. Wise vs. Freshley & Veal, 3 M’C., 547. Richardson vs. Lukes, 3 Ib. 156. Duff vs. Hutson, 2 Bail., 215 — were all cases of injuries to property, and new tiials were granted, because the jury had disregarded the evidence and found nominal damages.
That the jury, in such cases as this, should find a verdict for ten dollars, cannot but be matter of surprise, if not of grave rebuke. It is evidence of partiality, prejudice, or ignorance. It is no palliation to say, that the grove cut down was mere ornament; even if it were true, such an excuse Would carry us back to barbarism. It Would place the most costly embellishments around the mansion, cultivated gardens, shaded walks, and blooming parterres, even rich exotics, transplanted at great expense — on a footing with mere timber trees, or the thickets of bushes in a distant forest, on the borders of the estate.
The motion is granted.
Gantt, Richardson, Evans, and Butler, JJ., concurred.